**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**
Case No. _____

_____  )
TELE TEVI,                           )
                                     )
            Plaintiff,               )
                                     )
   vs.                               )
                                     )
                                     )
HARTFORD FIRE INSURANCE              )
COMPANY EMPLOYEE INCOME              )
PROTECTION PLAN and HARTFORD         )
LIFE & ACCIDENT INSURANCE            )
COMPANY,                             )
                                     )
            Defendants.              )
_____  )

**COMPLAINT**

PRELIMINARY STATEMENT[1]

Tele Tevi ("Plaintiff") brings this ERISA action against Hartford Fire Insurance Company Employee Income Protection Plan (the "Plan") and Hartford Life & Accident Insurance Company ("HLAIC") to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan. Plaintiff is covered under the policy by virtue of her employment with Hartford Fire Insurance Company ("Hartford Fire"), the sponsor of the Plan.

---

[1]This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

## PARTIES

1. Plaintiff is a citizen and resident of North Carolina.

2. Defendant Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Hartford Fire sponsored and maintained the Plan. The Assistant Vice President, HR Benefits for Hartford Fire is the plan administrator for the Plan under ERISA because he is named as the plan administrator in the Plan. Alternatively, Hartford Fire is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

3. Defendant HLAIC is named as the claims evaluator under the Plan. The Plan provides that HLAIC is responsible for making all benefits determinations under the Plan, including both initial claims for benefits as well as appeals decisions.

## JURISDICTION AND VENUE

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

5. Venue in the Western District of North Carolina is appropriate by virtue of Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

6. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of her employment with Hartford Fire.

7. The Plan offers long-term disability benefits.

8. The Plan provides that HLAIC is responsible for making payment for benefits due according to the terms and conditions of the Plan.

9. Under the terms of the Plan, the Assistant Vice President, HR Benefits for Hartford Fire administers the Plan and has authority to grant or deny benefits. The Plan provides that the Assistant Vice President, HR Benefits for Hartford Fire has delegated that authority to HLAIC.

10. HLAIC has a fiduciary obligation to Plaintiff to make benefits determinations fairly and to determine benefits according to the terms of the Plan.

11. Plaintiff is a 37-year-old woman who worked for Hartford Fire as a Data Scientist until on or about May 6, 2020. In May 2020, Plaintiff's impairments became so severe that she could no longer work, and she was forced to leave her employment.

12. Plaintiff suffers from multiple debilitating conditions including Major Depressive Disorder, Chronic Hepatitis B, severe anxiety, insomnia, and panic attacks, among other conditions, which prevent her from performing one or more of the essential duties of her occupation or any occupation.

13. Plaintiff applied to the Plan for long-term disability benefits on or around December 9, 2020 and submitted medical information showing that she is totally disabled.

14. HLAIC denied Plaintiff's application for long-term disability benefits on or around February 15, 2021.

15. Plaintiff submitted her appeal and pursued her administrative remedies set forth in the Plan by requesting administrative review of Defendant HLAIC's February 15, 2021 denial of benefits. She submitted additional information to show that she is totally disabled as a result of her conditions.

16. On or about February 25, 2022, Plaintiff was awarded long-term disability benefits by Defendant HLAIC for the period of November 4, 2020, through May 1, 2021. However, HLAIC denied Plaintiff any benefits after May 1, 2021.

17. To the extent required under law, Plaintiff exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

18. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that she cannot perform one or more of the essential duties of her occupation or any occupation; and

    b. HLAIC failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled; and

    c. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

19. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-18 above.

20. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff has been wrongfully denied long-term disability benefits;

    b. HLAIC failed to accord proper weight to the evidence in the administrative record; and

    c. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF:
## ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

21. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-20 above.

22. Plaintiff is entitled to her attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to long-term benefits under the terms of the Plan, and that Defendants be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Grant Plaintiff injunctive and declaratory relief providing that she is entitled to any other associated or related benefits sponsored or maintained by Hartford Fire for which Plaintiff qualifies as a result of her disability;

3. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses incurred as a result of Defendants' wrongful denial in providing benefits to Plaintiff;

4. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

5. Enter an award for such other and further relief as may be just and appropriate.

Dated this 30th day of September 2022.

                                        Respectfully Submitted,

                                        */s/ Bryan L. Tyson*
                                        */s/ Hannah Auckland*
                                        Bryan L. Tyson (N.C. Bar. No. 32182)
                                        Hannah Auckland (N.C. Bar. No. 35953)
                                        Marcellino & Tyson, PLLC
                                        2200 East 7th Street, Suite 100
                                        Charlotte, North Carolina 28204
                                        Telephone: 704.919.1519
                                        Fax: 980.219.7025
                                        bryan@yourncattorney.com
                                        hauckland@yourncattorney.com

                                        **Attorneys for Plaintiff Tele Tevi**